IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG MIRABILE, on behalf of Plaintiff and the class members described below, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Craig Mirabile brings this action to secure redress from unlawful credit reporting practices of defendant Bank of America, National Association, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and state law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1681p (FCRA). Jurisdiction may also exist under 28 U.S.C. §1332(d) (Class Action Fairness Act).

3. Venue in this District is proper because Defendant is subject to jurisdiction here.

## PARTIES

4. Plaintiff Craig Mirabile is an individual who owns a townhouse at 18W107 Kirkland Lane, Villa Park, IL 60181.

5. Defendant Bank of America, National Association ("Bank of America") is a federally chartered banking corporation with its principal office at 100 N. Tryon St., Charlotte, NC 28202. It does business in Illinois. It has scores of offices throughout Illinois, including offices at 135 S. La Salle St., Chicago, IL 60603; 33 N. Dearborn St., Chicago, Illinois, and 201 S. State Street, Chicago, Illinois.

6. Bank of America services mortgage loans. It services in excess of $1 million of

1

such loans. Many of the loans are secured by Illinois property.

## FACTS

7. In March 2020, Plaintiff's mortgage loan secured by 18W107 Kirkland Lane, Villa Park, IL 60181, was serviced by Bank of America.

8. The loan was current in March 2020.

9. Plaintiff obtained a series of forbearances from Bank of America under the CARES Act.

10. At the expiration of the last forbearance he resumed monthly payments.

11. Bank of America reported Plaintiff as delinquent with respect to two or more of the payments during and/or immediately after the forbearance ended, despite him making timely payments during those months, to all three of the major credit bureaus, Experian, Equifax and Trans Union.

12. Under the CARES Act, if a creditor or servicer extends a forbearance on a loan which is current, it must report to credit reporting companies that the borrower is current.

13. On August 5, 2022, Plaintiff, by counsel, wrote to the three major credit bureaus (Exhibit A) and Bank of America (Exhibit B), asking that they correct the credit reporting.

14. The credit bureaus contacted Bank of America in the course of investigating the dispute.

15. Bank of America responded that its credit reporting was accurate.

16. The alleged delinquency was reported to third parties. Plaintiff learned about it in the course of attempting to engage in a real estate transaction.

17. The erroneous report of a delinquency has not been corrected.

18. As a result of the adverse reporting, Plaintiff was unable to obtain a loan and engage in a real estate deal and suffered damage.

19. Bank of America's conduct was willful.

20. On information and belief, Bank of America's conduct was part of a pattern and

practice of improperly handling CARES Act forbearances.

21. On information and belief, based on similar violations by Carrington Mortgage and others, there was a common practice of improperly handling CARES Act forbearances.

22. Plaintiff has been injured by the erroneous credit reporting, as a result of:

    a. Damage to credit, with consequent difficulty in engaging in credit transactions;

    b. Time and money spent attempting to correct the erroneous reporting;

    c. Distress and anguish.

## COUNT I – FCRA

23. Plaintiff incorporates ¶¶1-22.

24. Bank of America violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by:

    a. Failing to reasonably investigate Plaintiff's dispute;

    b. Providing false information to the credit bureaus when they contacted Bank of America in response to Plaintiff's disputes with the credit bureaus.

25. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> **(A) conduct an investigation with respect to the disputed information;**
>
> **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
>
> **(C) report the results of the investigation to the consumer reporting agency; and**
>
> **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the**

> **information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

26. Bank of America committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

27. Section 1681n provides:

> **§1681n.  Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

28. Section 1681o provides:

> **§1681o.  Civil liability for negligent noncompliance**
>
> **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

### CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and

23(b)(3).

30. The class consists of (a) all individuals (b) whose mortgage loans were serviced by Bank of America in March 2020 (c) and were current (d) who obtained one or more forbearances from Bank of America under the CARES Act and (e) were reported by Bank of America as delinquent to one or more of the major credit bureaus, Experian, Equifax and Trans Union, with respect to any payments covered by the forbearance or immediately after the forbearance ended despite the payment being timely.

31. Plaintiff may alter the class definition to conform to developments in the case and discovery.

32. On information and belief, the class is so numerous that joinder of all members is not practicable.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant engaged in a practice of reporting delinquencies when mortgages were placed in CARES Act forbearances;

    b. Whether such practice violated the FCRA.

34. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class and against Bank of America for:

      i.       Punitive damages;

      ii.      Actual damages;

      iii.     Statutory damages;

      iv.     Attorney's fees, litigation expenses and costs of suit;

      v.      Such other or further relief as the Court deems proper.

## COUNT II -- CONSUMER FRAUD

37. Plaintiff incorporates paragraphs 1-22.

38. Bank of America engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by failing to handle Plaintiff's forbearance in accordance with the CARES Act.

39. If Defendant extends a forbearance on a loan that is current, it is required to report to credit reporting companies that the borrower is current.

40. Defendant failed to do so here.

41. Bank of America engages in a pattern and practice of failing to properly investigate customers' disputes with credit bureaus and failing to report customers' loan forbearances in accordance with the CARES Act.

## CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

43. The class consists of (a) all individuals (b) whose mortgage loans secured by Illinois property were serviced by Bank of America in March 2020 (c) and were current (d) who obtained one or more forbearances from Bank of America under the CARES Act and (e) were reported by Bank of America as delinquent to one or more of the major credit bureaus, Experian, Equifax and Trans Union, with respect to any payments covered by the forbearance or immediately after the forbearance ended despite the payment being timely.

44. Plaintiff may alter the class definition to conform to developments in the case and discovery.

45. On information and belief, the class is so numerous that joinder of all members is not practicable.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant engaged in a practice of treating as delinquent mortgages placed in CARES Act forbearances;

    b. Whether such practice violated the Illinois Consumer Fraud Act.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

49. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class and against Bank of America for:

    i. Actual damages;

    ii. Punitive damages;

    iii. Attorney's fees, litigation expenses and costs;

    iv. Such other and further relief as is proper.

### COUNT III -- BREACH OF CONTRACT

50. Plaintiff incorporates paragraphs 1-22.

51. It was an implied term of Plaintiff's loan that the holder and servicer would comply with regulatory requirements concerning the loan.

52. Bank of America failed to handle Plaintiff's forbearance in accordance with the

CARES Act.

53. If Defendant extends a forbearance on a loan that is current, it is required to report to credit reporting companies that the borrower is current.

54. Defendant failed to do so here.

55. Bank of America engages in a pattern and practice of failing to properly investigate customers' disputes with credit bureaus and failing to report customers' loan forbearances in accordance with the CARES Act.

## **CLASS ALLEGATIONS**

56. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

57. The class consists of (a) all individuals (b) whose mortgage loans were serviced by Bank of America in March 2020 (c) and were current (d) who obtained one or more forbearances from Bank of America under the CARES Act and (e) were reported by Bank of America as delinquent to one or more of the major credit bureaus, Experian, Equifax and Trans Union, with respect to any payments covered by the forbearance or immediately after the forbearance ended despite the payment being timely.

58. Plaintiff may alter the class definition to conform to developments in the case and discovery.

59. On information and belief, the class is so numerous that joinder of all members is not practicable.

60. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant engaged in a practice of treating as delinquent mortgages placed in CARES Act forbearances;

    b. Whether such practice violated the parties' contracts.

61. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

62. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

63. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class and against Bank of America for:

   i. Actual damages;

   ii. Costs;

   iii. Such other and further relief as is proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Carly M. Roman (ARDC 6334371)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)